APPEAL OF CHERRY BASSET CO.

Docket No. 3212.   Submitted May 28, 1925.   Decided September 7, 1925.

Accounts charged off taxpayer's books as bad debts at December 31, 1920, were not then ascertained to be worthless and were not, therefore, proper deductions.

Under section 234(a) (5) of the Revenue Act of 1918 no deduction may be taken for part of a debt charged off as worthless, *Appeal of Steele Cotton Mill Co.*, 1 B. T. A. 299; and the entire account will not be allowed as a deduction by the Board because it was neither ascertained to be worthless nor charged off the taxpayer's books.

*Charles H. Schnepfe, C. P. A.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

This is an appeal from a determination of a deficiency in income and profits taxes for 1920 in the amount of $11,568.65 and advising the taxpayer of an overassessment for 1921 in the amount of $2,683.77, the resulting net deficiency alleged being $8,884.88.

At December 31, 1920, the taxpayer charged off its books as bad debts 46 accounts totaling $31,272.08, and the Commissioner has refused to allow the deduction of this amount from income. The taxpayer has appealed from the disallowance as a deduction of $7,631.54, representing the whole or part of eleven of the accounts above mentioned. In addition the taxpayer desires that it be allowed to increase the deduction for one of these accounts by $2,207.03 representing the difference between the amount charged off that account at December 31, 1920, and the total of the account at that date. From the pleadings, testimony, and documentary evidence introduced, the Board makes the following

## FINDINGS OF FACT.

The taxpayer is a corporation engaged in the sale of dairy and ice-cream machinery and supplies, with its principal place of business at Baltimore, Md.

The nature of the business requires the extension of credit under greater risks than is usual for business enterprises. For this reason it has been the taxpayer's custom to charge off as bad debts at the close of each year all accounts or portions of accounts which it considers doubtful.

Of the 11 accounts involved in this appeal, 10 were charged off in whole by the taxpayer, but in each instance a substantial portion of the account was collected in the succeeding year, 1921. The uncollected balance in several instances represents protest charges, notary fees, etc., or disputed items which the taxpayer was compelled to concede. In at least one instance it represents a discount granted.

The principal item of the appeal arises from the taxpayer's account with a firm known as the Sanitary Milk Products Co. At December 31, 1920, this account totaled $8,907.03, and the taxpayer at that time charged off $6,700 as a bad debt.

During 1921 the taxpayer collected $2,207.03 of the above account and took notes for the balance. The said notes have not been paid.

At December 31, 1920, the Sanitary Milk Products Co. was in receivership and the taxpayer's president, as chairman of a creditors' committee, was endeavoring to effect a reorganization and the attraction of new capital in an effort to revitalize the concern. These efforts were successful in March, 1921, and as above stated the taxpayer collected a substantial portion of its account during that year.

Some of the accounts involved had been classified as worthless by the taxpayer's attorney.

## DECISION.

The determination of the Commissioner is approved.

IVINS: It appears from testimony of the taxpayer's witnesses that it was the custom of the concern in regard to the collectibility of accounts to "never consider anything good if we felt doubtful about it," and in charging off as bad debts the accounts involved in this appeal that custom would seem to be the determining factor.

We are not convinced that the accounts involved were ascertained to be worthless, or that they were in fact worthless when charged off.

The Board held in the *Appeal of Steele Cotton Mill Co.*, 1 B. T. A. 299, that under the Revenue Act of 1918 part of a debt may not be charged off as worthless and a deduction taken therefor. This effectually disposes of the taxpayer's contention relative to the $6,700 of the Sanitary Milk Products Co.'s account charged off. The entire account may not now be allowed as a deduction because it·was not properly charged off the taxpayer's books at December 31, 1920, and because it does not appear to have been ascertained to be worthless at that time.

On reference to the Board, PHILLIPS concurs in the result only. ARUNDELL not participating.